**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NATIONAL CENTER FOR LEARNING DISABILITIES, et al., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:26-cv-13019 |
| OFFICE OF MANAGEMENT AND BUDGET, et al., | |
| *Defendants*. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE FOR
ENLARGEMENT OF PAGE LIMITATIONS**

Defendants respectfully oppose Plaintiffs' motion for leave for enlargement of page limitations. ECF No. 42.

On process, the parties previously briefed and this Court has already ordered a briefing schedule premised on page requirements as provided for in local rules. *See* ECF No. 39; LCvR 7.1(b)(4) (providing 20-page limit for briefs). Plaintiffs should have raised this request when setting the briefing schedule. Instead, on August 3, 2026, before Defendants even filed their administrative record, counsel for Plaintiffs reached out to counsel for Defendants requesting their position on a motion for an extension of pages. Defendants explained their opposition for the reasons contained in this motion.

On substance, this case is straightforward. There is no final agency action, and as the administrative record filed with the Court yesterday demonstrates, Defendants intend to spend all of the disputed funds consistent with statutory requirements before the funds expire. *See* ECF Nos. 41-7, 41-8, 41-9. Plaintiffs can adequately explain their legal arguments in 20 pages and certainly do not need nearly double the standard page count to do so.

1

Granting Plaintiffs' motion would prejudice Defendants.  Under the Court's order dated July 22, 2026, ECF No. 39, Plaintiffs are already entitled to file a 20-page brief on August 11, 2026 and a 20-page reply and opposition brief on September 1, 2026, while Defendants are only entitled to a single 20-page brief due August 25, 2026 and no reply.  As it stands, Plaintiffs are entitled to twice the number of pages as Defendants (40 pages to 20 pages).  If the Court should grant Plaintiffs' motion here, that would tip the ratio to nearly *triple*: 55 pages for Plaintiffs and 20 pages for Defendants.[1]  That is clearly prejudicial.

Plaintiffs can adequately make their case for summary judgment in 20 pages.  They also have the opportunity to file a similar brief later on September 1, 2026.  There is no good cause to grant Plaintiffs' motion.

Dated: August 5, 2026                                    Respectfully submitted,

                                                        BRETT SHUMATE
                                                        Assistant Attorney General

                                                        DIANE KELLEHER
                                                        Director, Federal Programs Branch

                                                        /S/*Michael K. Velchik*
                                                        MICHAEL K. VELCHIK
                                                        Senior Counsel
                                                        Civil Division
                                                        United States Department of Justice
                                                        950 Pennsylvania Ave NW
                                                        Washington, DC 20530
                                                        Phone: (202) 860-8388
                                                        E-mail: michael.velchik@usdoj.gov

                                                        Pierce Anon
                                                        Trial Attorney, Federal Programs Branch

                                                        *Attorneys for Defendants*

---

[1] Plaintiffs' motion and proposed order provide no similar enlargement for Defendants.  *See* ECF No. 42-1.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on August 5, 2026.

/s/Michael K. Velchik
MICHAEL K. VELCHIK