## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL CENTER FOR LEARNING
DISABILITIES, *et al.*,

Plaintiffs,

v.

OFFICE OF MANAGEMENT AND BUDGET,
*et al.*,

Defendants.

Case No. 1:26-cv-13019

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion for Summary Judgment, the parties' submissions, the administrative record, and the entire record in this case, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Plaintiffs' Motion for Summary Judgment is **GRANTED**; and it is further

**ORDERED** that the Covered Appropriations subject to this Order are as follows:

1.     **FY2025/2026 IES Funds.** The $793 million appropriated for the Institute of Education Sciences (IES) under Pub. L. No. 119-4, §§ 1101-1103 (2025), less the $25 million rescission enacted in 2026, for a net appropriation of $768 million available through September 30, 2026;

2.     **FY2026 Comprehensive Centers Funds.** The $50 million appropriated for the Comprehensive Centers program, 140 Stat. 295, available through September 30, 2026;

3.     **FY2026 EIR Funds.** The $235 million appropriated for the Education Innovation and Research program (EIR), 140 Stat. 296, available through December 31, 2026; and

1

4.        **FY2026/2027 IES Funds.** The $789,606,000 appropriated for IES under the Consolidated Appropriations Act, 2026, 140 Stat. 303, available through September 30, 2027.

### Relief Under 5 U.S.C. § 706(2) and 28 U.S.C. § 2201

It is hereby **ORDERED**, pursuant to 5 U.S.C. § 706(2) and 28 U.S.C. § 2201, that the following final agency actions are **DECLARED** unlawful and **SET ASIDE AND VACATED**:

1.        Defendants' decisions not to apportion and obligate the full amounts of the Covered Appropriations for the purposes Congress mandated and within the deadlines Congress provided;

2.        OMB's apportionments of less than the full amounts of the Covered Appropriations within the deadline imposed by 31 U.S.C. § 1513(b)(2), including through OMB's use of the labels Unallocated and Undistributed;

3.        OMB's establishment of reserves from the Covered Appropriations, without satisfying any of the exclusive grounds in 31 U.S.C. § 1512(c)(1), including through placing funds on the Unallocated line of the apportionments'

4.        OMB's use of binding apportionment footnotes to condition the Covered Appropriations on compliance with Executive Order 14151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*, or Executive Order 14332, *Improving Oversight of Federal Grantmaking*;

5.        OMB's public posting of the May 2026 spend plan for the FY2025/2026 IES funds on August 1, 2026, more than two business days after the approval of the spend plan, contrary to the requirements of 31 U.S.C. § 1513 note;

6.        OMB's policy of delaying full apportionment of Department of Education funds beyond the statutory deadline in the Anti-Deficiency Act, including through OMB's policy of

placing Department of Education appropriations on Unallocated or Undistributed lines for reasons not permitted under 31 U.S.C. § 1512(c)(1).

**Relief Under 5 U.S.C. § 706(1) and 28 U.S.C. § 2201**

It is hereby **ORDERED**, pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. § 2201, that:

1.      OMB's failure to apportion the Covered Appropriations by the 30-day deadline prescribed by the Anti-Deficiency Act is **DECLARED** unlawful as agency action unlawfully withheld;

2.      OMB's failure to publicly disclose the May 2026 spend plan for the FY2025/2026 IES funds, within two business days as required by 31 U.S.C. 1513 note, is **DECLARED** unlawful as agency action unlawfully withheld;

3.      OMB shall immediately take all actions necessary to apportion the full amount of the Covered Appropriations to the Department of Education, without allocating any of the funds to an Unallocated line, except as permitted under the exclusive grounds for establishing reserves in 31 U.S.C. § 1512(c)(1); and

4.      Defendants shall immediately take all necessary steps to obligate and facilitate the obligations of all Covered Appropriations that expire on September 30, 2026.

**Permanent Injunctive Relief**

Because Plaintiffs have established that they and their members have suffered and will continue to suffer irreparable harm absent permanent injunctive relief; that remedies available at law are inadequate; that the balance of hardships favors Plaintiffs; and that a permanent injunction serves the public interest, it is hereby

**ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, successors in office, and all other persons in active concert or participation with them who

3

receive actual notice of this Order are **PERMANENTLY ENJOINED** from:

1.      Failing to apportion the Covered Appropriations, and any future appropriations for IES, the Comprehensive Centers program, or the EIR program, by the deadline imposed by 31 U.S.C. § 1513(b);

2.      Making the Covered Appropriations, and any future appropriations for IES, the Comprehensive Centers program, or the EIR program, unavailable on an Unallocated or Undistributed line, or on any other line that makes funds unavailable for obligation pending a later reapportionment, unless OMB contemporaneously establishes and documents a reserve authorized by 31 U.S.C. § 1512(c)(1);

3.      Conditioning the Covered Appropriations, and any future appropriations for IES, the Comprehensive Centers program, or the EIR program, on: (a) compliance with Executive Order 14151 or a restriction derived from that Order on diversity, equity, inclusion, or accessibility activities; or (b) compliance with Executive Order 14332 or a requirement derived from that Order that political appointees participate in or approve grant decisions;

4.      Failing to publish, within two business days, apportionments of the Covered Appropriations, and any future appropriations for IES, the Comprehensive Centers program, or the EIR program, and each spend plan that has the effect making legally funds available for such appropriations, as required by 31 U.S.C. § 1513 note;

5.      Failing to obligate the full amount of the Covered Appropriations, and any future appropriations for IES, the Comprehensive Centers program, or the EIR program, by the applicable expiration date; and

6.      Implementing, carrying out, or otherwise effectuating OMB's policy of delaying full apportionment of Department of Education funds beyond the statutory deadline in the Anti-

Deficiency Act, including through OMB's policy of placing Department of Education

appropriations on Unallocated or Undistributed lines for reasons not permitted under 31 U.S.C. §

1512(c)(1).

## Compliance

It is hereby **ORDERED** that, within three business days after entry of this Order, OMB

shall issue any new apportionments as required by this Order; and it is further

**ORDERED** that, within seven days after entry of this Order, Defendants shall file a plan

for complying with the remainder of this Court's Order, which shall include but not be limited to

providing, for each Covered Appropriation:

1.   The total amount unobligated amount remaining;

2.   The amount obligated as of the date of the filing;

3.   The detailed manner in which Defendants will comply with the Court's Order to

ensure obligation of relevant Covered Appropriations before they expire on September 30,

2026; and it is further

**ORDERED** that Defendants shall file a status report every seven days thereafter until

October 2, 2026; and it is further

**ORDERED** that Defendants shall file a final certification no later than October 2, 2026,

describing their compliance with this Order with respect to the Covered Appropriations expiring

on September 30, 2026; the certification shall identify any amount that the Defendants contend

cannot be or will not be obligated by September 30, 2026, and the specific therefor; and it is

further

**ORDERED** that Defendants shall file a final certification no later than October 2, 2026,

describing their compliance with this Order with respect to apportionment of the FY2026/2027

IES appropriations for FY2027; and it is further

**ORDERED** that the Clerk shall enter final judgment for Plaintiffs; and it is further

**ORDERED** that the Court retains jurisdiction to supervise and enforce compliance with this Order.

This is a final appealable order.

It is **SO ORDERED.**

Date: _____

_____
HON. ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE